FILED ___ ENTERED
___ LODGED ___ RECEIVED

JAN 1 6 2020

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JULIUS L. SPELL,   *

    Plaintiff,   *

v.   *   Case No. RDB-19-722

DEON WRIGHT, *et al.*,   *

    Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

*Pro se* Plaintiff Julius L. Spell ("Plaintiff") brings this action against Deon Wright and Wellington Bruch Ash, employees of Civic Works, Inc. ("Defendants"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964. (Am. Compl., ECF No. 10.) Currently pending is Defendants' Motion to Dismiss the Amended Complaint. (ECF No. 29.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, the Defendants' Motion to Dismiss (ECF No. 29) is GRANTED.

### **BACKGROUND**

Plaintiff originally filed a Complaint in this Court on March 7, 2019, naming as Defendants Deon Wright, Wellington Bruce Ash, Adam Martin, Barvo Jones, Nate Nuty a/k/a Nate Duty, and Sharon Johnson, all employees of Civic Works, Inc., and alleging that he had been subjected to religious discrimination on three occasions and denied a training program offered at Civic Works. (ECF No. 1.) On March 19, 2019, this Court explained that

Plaintiff's Complaint invoked neither federal question or diversity jurisdiction and that Plaintiff's allegations did not amount to a prima facie claim.[1] (ECF No. 4.) The Court granted Plaintiff 28 days to file an Amended Complaint curing the noted defects. (*Id.*) Plaintiff timely filed his Amended Complaint, naming only Deon Wright and Wellington Bruch Ash as Defendants, and invoking federal question jurisdiction under Title VII of the Civil Rights Act of 1964. (ECF No. 10.) The Defendants filed a Motion to Dismiss the Amended Complaint on July 16, 2019. (ECF No. 29.)

Plaintiff failed to respond to Defendants' Motion. Accordingly, on December 2, 2019, this Court ordered Plaintiff to show cause why his Amended Complaint should not be dismissed. (ECF No. 42.) Plaintiff filed his response to the show cause order on December 31, 2019, stating that, despite not filing a response, he believed he appropriately answered and was waiting for "a court rule" or "tr[ia]l date." (ECF No. 43.) Plaintiff's response to the show cause order also included a Response in Opposition to Defendants' Motion to Dismiss. (ECF No. 43-1.) Plaintiff filed supplemental exhibits on January 10, 2020. (ECF No. 44.)

In his Amended Complaint, Plaintiff alleges that he was denied a position in an AmeriCorps program administered by Civic Works, Inc. based on his observance of Islam. (Am. Compl. at 6, ECF No. 10; Am. Compl. Exhibits, ECF No. 10-1.) He contends that Defendant Wright "encouraged staff and employee's [to] deny plaintiff fair and equal treatment of federal fund and benefit assistance." (Am. Compl. at 6, ECF No. 10.) Plaintiff does not make any factual allegations about Defendant Ash.

---

[1] This case was initially assigned to the Honorable A. David Copperthite. It was reassigned to the undersigned on August 13, 2019.

2

Plaintiff received a letter from the City of Baltimore Office of Civil Rights and Wage Enforcement on December 27, 2018, which references a complaint by Plaintiff "regarding [his] concerns about Civic Works in Baltimore City." (Am. Compl. Exhibit 4, ECF No. 10-1.)[2] The complaint was subsequently dismissed because Plaintiff's concerns were "not covered by th[e] agency" and his "issue [wa]s not minimally sufficient to process a complaint." (*Id.*) Plaintiff does not allege that he filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the state equivalent, Maryland Commission on Human Relations ("MCHR"), nor does he provide any such documentation.

## DISCUSSION

Courts are obliged to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *Wetter v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (*citing Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). This Court recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction. However, Plaintiff's Amended Complaint fails to state a cognizable claim because Plaintiff has not exhausted his administrative remedies and the Defendants Wright and Ash are clearly not Plaintiff's employer for the purposes of a

---

[2] The Court will consider Plaintiff's Exhibit 4 because it is explicitly incorporated into the complaint by reference. *See Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Title VII claim. Even liberally construed, these shortcomings warrant dismissal of the Amended Complaint.

Before bringing a Title VII claim in federal or state court, a plaintiff must meet certain statutory requirements. First, a plaintiff must file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful employment practice occurred." *Id.* In Maryland, a deferral state,[3] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

If timely raised by the defendant, failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6) of the Federal Rules. *See, e.g., Stewart*, 912 F.3d at 701-702; *see also Carter*, TDC-18-2249, 2019 WL 3804765, at *2 (construing motion to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies as a motion to dismiss under Rule 12(b)(6) in light of the Supreme Court's decision in *Fort Bend*).

Plaintiff does not allege that he filed a complaint with the EEOC, but instead provides correspondence with the City of Baltimore Office of Civil Rights and Wage Enforcement, which communicated to Plaintiff that his concerns were not covered by the agency and his issue "was not minimally sufficient to process a complaint." (Am. Compl. Exhibit 4, ECF No. 10-1.) Accordingly, Plaintiff failed to exhaust his administrative remedies because he did

---

[3] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(c)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

not file a charge of discrimination with the EEOC or an appropriate state agency before filing his Complaint in this Court. For this reason alone, Plaintiff's Amended Complaint must be dismissed.

Even if Plaintiff had exhausted his administrative remedies, he fails to state a claim against Defendants under Title VII because the Defendants were never Plaintiff's employer. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

Title VII provides that "[i]t shall be an unlawful employment practice for an *employer* to ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C.S. § 2000e–3(a) (emphasis added). In addition, it is well-established that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v.*

*Southern Food Services, Inc.*, 159 F.3d 177, 180 (4th Cir.1998). Only an employer may be held liable for Title VII violations because individual liability under the Act "would improperly expand the remedial scheme crafted by Congress." *Id.* at 181. The named Defendants are mere employees of Civic Works, Inc., and not employers. As such, they are not individually liable under Title VII for any alleged discrimination by Plaintiff. Consequently, Plaintiff's Amended Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED this 16th day of January, 2020 that:

1. The Defendants' Motion to Dismiss (ECF No. 29) is GRANTED;

2. Plaintiff's Amended Complaint (ECF No. 10) is DISMISSED WITH PREJUDICE;

3. The Clerk of Court shall CLOSE THIS CASE; and

4. The Clerk of Court IS DIRECTED to MAIL a copy of this Memorandum Order to Plaintiff.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge